# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ZIMMETH,<br><br>    Petitioner,<br>v.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>    Respondent. | Civil No. 05CV1695 JAH(RBB)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTION FOR PROMPT DISPOSITION OF PETITION AND RENEWED MOTION FOR APPOINTMENT OF COUNSEL AS MOOT** |

## INTRODUCTION

Petitioner, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the sentence imposed upon him after his conviction in state court. Petitioner has also filed a motion seeking a prompt disposition of the instant petition and a renewed motion for appointment of counsel. The Honorable Ruben B. Brooks, United States Magistrate Judge has issued a report and recommendation ("report") pursuant to 28 U.S.C. § 636(b)(1), recommending that the petition be denied and the motions be denied as moot. Petitioner filed objections to the report. After a careful consideration of the pleadings and relevant exhibits presented by the parties, and for the reasons set forth below, this Court OVERRULES petitioner's objections, ADOPTS the magistrate judge's recommendation, DENIES the petition, and DENIES petitioner's motion for prompt disposition of petition and

renewed motion for appointment of counsel as moot.

## BACKGROUND

Petitioner was convicted, after a jury trial, on four counts: assault with a deadly weapon, reckless driving to evade an officer, battery on a person with whom he had a dating relationship, and resisting an officer. In a bifurcated hearing, the trial court found allegations of a prior strike and two prior prison terms true and imposed an upper-term sentence of three years for the reckless driving offense, doubled based on the prior strike, and an additional one-year enhancement for one of the prior prison terms. Sentencing on the second prison prior was stayed. The trial court also sentenced petitioner to 151 days for each remaining count to run concurrently with the sentences on the other counts, with credit for time served.

Petitioner appealed his sentence on direct appeal as well as collaterally through all levels of the California courts. The instant petition was filed on August 29, 2005, alleging one claim which was construed as three separate claims. This Court subsequently dismissed two of those three claims as unexhausted. Respondent filed an answer to the remaining claim August 1, 2006 and petitioner filed a traverse on August 29, 2006. The magistrate judge's report was issued on March 23, 2007. Petitioner filed his objections to the report on May 8, 2007. No reply to petitioner's objections have been filed.

## DISCUSSION

**1.   Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a Magistrate Judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

//

2.     **Analysis**

Petitioner's sole remaining claim in the instant petition alleges that the trial court imposed the upper-term sentence without specific fact finding by a jury. *See* Pet. at 2; Trav. at 3, 6; Report at 8-9. The magistrate judge, in the report, discussed the series of United States Supreme Court cases which analyzed the limits of a defendants' rights to a trial by jury of facts affecting sentencing. *See* Report at 10-15. Based on the case authority presented, the magistrate judge determined that the United States Supreme Court's decision in Cunningham v. California, 127 S.Ct. 856 (2007) (finding California's determinate sentencing laws violate a defendant's Sixth and Fourteenth Amendment rights to trial by jury as interpreted in Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000)), does not apply retroactively to petitioner and, therefore, the trial court's imposition of the upper-term sentence under Blakely and Apprendi was not contrary to, nor an unreasonable application of, clearly established United States Supreme Court law. *See* Report at 12-18; Williams v. Taylor, 529 U.S. 362, 412 (2000). In making that determination, the magistrate judge found that "Cunningham is not 'a watershed rule of criminal procedure' because it does not implicate the fundamental fairness of a criminal trial." Id. at 14 (Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005)). Absent a violation based on Cunningham, the magistrate judge found that petitioner's sentence was proper under Blakely and Apprendi. Id. at 15-18.

Petitioner sole objection to the report is directed to the magistrate judge's finding that Cunningham does not apply retroactively. *See* Obj. at 2. However, petitioner does not point to a specific finding or conclusion by the magistrate judge as erroneous but, instead, presents a general objection to the magistrate judge's legal analysis. *See* id. Petitioner contends, contrary to the magistrate judge's findings and conclusions, that the case law cited requires a determination that Cunningham be applied retroactively to petitioner's case. Id. Petitioner presents no argument or authority to support his contention. This Court disagrees with petitioner and finds, based on a careful review of the case authority cited, that the magistrate judge's analysis of the law in this area is well-reasoned. Therefore, this Court finds the magistrate judge's determination that Cunningham does not retroactively apply here is correct.

Accordingly, petitioner's sole objection to the report is OVERRULED. Because the claim presented in the instant petition has now been addressed, this Court also agrees with the magistrate judge's recommendation that petitioner's motion for a prompt disposition of the petition and renewed motion for appointment of counsel be denied as moot.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings, conclusions and recommendations presented in the magistrate judge's report and recommendation are **ADOPTED** *in toto*;
2. The instant petition is **DENIED in its entirety**;
3. Petitioner's motion for prompt disposition of the petition and renewed motion for appointment of counsel are **DENIED as moot.**

Dated:   September 4, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge